E-FILED
Friday, 30 August, 2013 10:43:17 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KEON LIPSCOMB, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-1061 |
| ) | |
| WARDEN RANDY PFISTER, *et al*., ) | |
|     Defendants. ) | |

## SUMMARY JUDGMENT OPINION

This cause is before the Court for consideration of the Defendants' Partial Motion for Summary Judgment on the issue of exhaustion[d/e 18]. Plaintiff, a state prisoner, filed his lawsuit pursuant to 42 U.S.C. § 1983 claiming that his constitutional rights were violated at Pontiac Correctional Center. On March 21, 2012, the Court conducted a merit review of the Plaintiff's Complaint and found that Plaintiff had stated Eighth Amendment claims arising from incidents which occurred at Pontiac Correctional Center in April, 2011, namely: 1) being paraded naked in front of others; 2) being strip searched in a humiliating and degrading manner; 3) and being left in a cold, unsanitary cell, naked, with no necessities and no mattress; and 4) he stated a claim that these actions were taken in retaliation for the exercise of his First Amendment rights or to deter that exercise.

### I. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A movant may demonstrate the absence of a material dispute through specific cites to admissible evidence, or by showing that the nonmovant "cannot produce admissible evidence to support the [material] fact." Fed. R. Civ. P. 56(c)(B). If the movant clears this

1

hurdle, the nonmovant may not simply rest on his or her allegations in the complaint, but instead must point to admissible evidence in the record to show that a genuine dispute exists.  *Id*.; *Harvey v. Town of Merrillville,* 649 F.3d 526, 529 (7th Cir. 2011).  "In a § 1983 case, the plaintiff bears the burden of proof on the constitutional deprivation that underlies the claim, and thus must come forward with sufficient evidence to create genuine issues of material fact to avoid summary judgment." *McAllister v. Price*, 615 F.3d 877, 881 (7th Cir. 2010).

At the summary judgment stage, evidence is viewed in the light most favorable to the nonmovant, with material factual disputes resolved in the nonmovant's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine dispute of material fact exists when a reasonable juror could find for the nonmovant.  *Id.*

## II. ANALYSIS

Defendants state they are entitled to summary judgment because Plaintiff did not properly exhaust his administrative remedies on two of the three claims he is pursuing in this case.  The Prison Litigation Reform Act (herein PLRA) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The Seventh Circuit has taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines.  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).  Therefore, if an inmate fails to follow the grievance procedure rules, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in federal court even if

administrative remedies are for practical purposes no longer available to him due to his procedural default. *Pozo,* 286 F.3d at 1025.

The Illinois Department of Corrections has an established grievance process. *See* 20 ILL. ADMIN. CODE §§ 504.800 et seq. An inmate is first required to speak with a counselor about the contested issue. 20 ILL. ADMIN. CODE § 504.810(a). If the counselor does not resolve the problem, the inmate must file a grievance form directed to the Grievance Officer within 60 days of the incident. *Id.* The grievance officer submits his recommendation to the Chief Administrative Officer who "shall advise the offender of the final decision in writing within two months after receipt of the written grievance, where reasonably feasible." 20 ILL. ADMIN. CODE § 504.830(d). If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the Administrative Review Board within 30 days after the date of the Chief Administrative Officer's decision. 20 ILL. ADMIN. CODE § 504.850(a). The Director shall then review the findings and recommendations of the board and make a final determination within six months after receipt of the grievance. 20 ILL. ADMIN. CODE § 504.850(f). When an inmate has received a copy of the Director's decision, the grievance procedure is complete.

Specifically, Defendants argue that Plaintiff did not exhaust his administrative remedies with respect to his claims that Defendants caused him to be strip searched and paraded in front of other inmates in a degrading manner. In response, Plaintiff says that he never claimed to have been strip searched in a degrading manner in front of others. Instead, Plaintiff says his Complaint clearly stated that he was taken out of shackles in a degrading manner and placed in a position with his butt in the air as officers made lewd comments about Plaintiff's rectum. Further, Plaintiff says that he never claimed to have been paraded in front of others in a

3

degrading manner, but rather his Complaint clearly stated that he was made to walk naked to his cell after being stripped naked and while walking to his cell naked inmates watched and made lewd and sexual comments. Thus, Plaintiff argues that Defendants have twisted his words to make it look as if Plaintiff should have grieved something that did not actually take place.

On April 10, 2011[1], Plaintiff filed an Offender's Grievance with his Counselor complaining of the conditions he experienced upon being placed in a cell on August 4, 2011. (Plf's Resp., Exh. B). The Counselor provided a response dated April 5, 2011. On June 9, 2011, the Grievance Officer's Report and recommendation were made. (Plf's Resp., Exh. A). The Chief Administrative Officer approved of the recommendation on June 13, 2011. (Plf's Resp., Exh. A). In a letter dated October 20, 2011, the ARB explained that the letter was in response to Plaitniff's August 10, 2011 grievance "regarding Staff Conduct (requests to know why he was place [sic] in a strip down cell on April 4, 2011, not given a uniform, blankets or mattress until April 5, 2011 and why he was given a mattress filthy with blood stains and feces), which was alleged to have occurred at Pontiac Correctional Center." (Plf's Resp. Exh.A). In the October 20th letter, the ARB explained that it was the opinion of that office that the issue was appropriately addressed by the institutional administration, and the ARB recommended that the grievance be denied as staff misconduct could not be substantiated. (Plf's Resp., Exh. A). The Director, S.A. Godinez, concurred in the recommendation. (Plf's Resp., Exh. A).

The Court finds that Plaintiff's administrative remedies were truly available to him, and that he simply failed to properly exhaust his administrative remedies as to his claim regarding the removal of his shackles in a degrading manner while officers made lewd comments about his rectum and his claim regarding officers making him walk naked to his cell as inmates watched

---

[1] Plaintiff dated his grievance April 10, 2011. However, the Counselor's Response thereto is dated April 5, 2011. The Court will use the date of April 10, 2011 provided by Plaintiff.

4

and made lewd and sexual comments. Section 504.810 of the Illinois Administrative Code provides that, "The grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 ILL. ADMIN. CODE § 504.810(b).

Nowhere in Plaintiff's April 10, 2011 grievance does he provide factual detail as to being taken out of shackles in a degrading manner, placed in a position with his butt in the air while officers made lewd comments about his rectum, or made to walk naked to his cell after being stripped naked while inmates watched and made lewd and sexual comments. The only sentence in that grievance that touched upon such allegations was that, "[Plaintiff] was taken to the cage and was striped [sic] naked then [he] was placed in a cell 117 without anything [he] was supposed to have." The remainder of his grievance went on to detail the conditions of the cells he was placed in between April 4, 2011 and April 10, 2011. (Plf's Resp., Exh. B). The purpose of the exhaustion requirement is to allow prison officials the time and opportunity to respond to complaints internally before an inmate starts litigation. *Smith v. Zachary,* 255 F.3d 446, 450-51 (7th Cir. 2001).

The Court first notes that Defendants have not twisted Plaintiff's words as to his first and second claims. Rather, Defendants identified those claims as the Court did in its March 21, 2012 Merit Review Order. *See* Document 2 at p. 2. Here, even viewing the evidence in the light most favorable to Plaintiff and articulating claims one and two as Plaintiff articulates, his inclusion of the phrase "was striped [sic] naked" in his April 10, 2011 grievance did not provide prison officials the opportunity to respond to his complaints about the removal of his shackles or the way he was allegedly made to walk naked in front of other inmates. Plaintiff's complaints in his April 10, 2011 grievance were limited to cell conditions, specifically the filthy, damaged

5

mattress he was allegedly provided. In Plaintiff's Response, he essentially argues that the ARB should have discerned that he was also complaining about being stripped naked and made to walk in front of other inmates given his explanation of events in the grievance. The administrative rules place no such duty on prison officials to infer certain complaints from the sequence of events detailed in an inmate's grievance. Rather, Section 504.810(b) places the obligation on the inmate grievant to state what happened, when, where, and the name of each person who was the subject of or who was otherwise involved in the complaint.

The Court finds that Defendants are entitled to summary judgment on the issue of exhaustion as to Plaintiff's first and second claims, as identified in the March 21, 2012 Merit Review Order, where Plaintiff did not properly exhaust his administrative remedies before filing this lawsuit as to those claims. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (providing that exhaustion of available administrative remedies is required for any suit that challenges prison conditions).

**IT IS THEREFORE ORDERED that:**

**1)  The Court finds that Plaintiff did not exhaust his administrative remedies as to his first and second claims as identified in the Court's March 21, 2012 Merit Review Order before filing this lawsuit against Defendants and the failure is a result of his own conduct. Defendants' Partial Motion for Summary Judgment is therefore GRANTED [d/e 17]. Accordingly, Plaintiff's Eighth Amendment claim arising from the incident of being left in a cold, unsanitary cell, naked, with no necessities and no mattress remains, as does his claim that such action was taken in retaliation for the exercise of his First Amendment rights or to deter that exercise.**

**2)  The stay on merits discovery is now lifted.**

ENTERED this 30th day of August, 2013.

                              s/ Michael M. Mihm
                          _____
                             MICHAEL M. MIHM
                          UNITED STATES DISTRICT JUDGE